## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA
## CASE NO. 17-cv-410-JED-FHM

(1)  MICHAEL HARGIS, an individual,
on behalf of himself and all others
similarly situated,

        Plaintiff,

v.                                 **CLASS ACTION**

(1)  EQUINOX COLLECTION SERVICES,
INC., an Oklahoma corporation,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Michael Hargis, an individual, on behalf of himself and all others similarly situated, sues Defendant, Equinox Collection Services, Inc., an Oklahoma corporation, and alleges:

### I.  PRELIMINARY STATEMENT

1.  This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.  The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III.  ALLEGATIONS AS TO PARTIES

3.  Plaintiff, Michael Hargis ("Mr. Hargis"), is *sui juris* and a resident of Broken

Arrow, Tulsa County, Oklahoma.

4.     At all times material hereto, Defendant, Equinox Collection Services, Inc.

("Equinox" or "Debt Collector"), was an Oklahoma corporation, doing business as "Equinox," in

Tulsa County, Oklahoma.

5.     Defendant is or was engaged in the collection of debts from consumers using the

mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to

another in the State of Oklahoma.

## IV.  FACTUAL ALLEGATIONS

6.     Sometime prior to the filing of the instant action, Mr. Hargis purportedly received

medical services from Dr. ZZZ's Sleep Center, Inc. ("Sleep Center").

7.     Subsequent to receiving medical services from Sleep Center, Sleep Center billed

Mr. Hargis the sum of Eight Hundred Fifty Dollars ($850.00) for medical services purportedly

provided to Mr. Hargis by Sleep Center ("Disputed Medical Bill").

8.     Mr. Hargis disputes owing any monies to Sleep Center.

9.     At some known time in the past, Sleep Center retained Equinox for the purpose of

collecting monies purportedly owed under the Disputed Medical Bill.

10.    In furtherance of its efforts to collect on the Disputed Medical Bill, on or about

September 21, 2016, Equinox sent or caused to be sent to Mr. Hargis a collection letter, known

more commonly in the collection industry as a "dunning letter" ("Collection Communication").

11.    A true and correct copy of the Collection Communication is attached hereto and

incorporated herein by reference as Exhibit "A."

2

## V.  DEFENDANT'S PRACTICES

12.     It is or was the policy and practice of the Debt Collector to send collection letters
in the form of Exhibit "A" to consumers in a manner which failed to properly provide notice to
the least sophisticated consumer as to the right of consumers with respect to the validation of
consumer debts under 15 U.S.C. §1692g.

## VI.  CLASS ACTION ALLEGATIONS

13.     This action is brought on behalf of a class consisting of (i) all persons with
addresses in the State of Oklahoma (ii) to whom letters in the same or substantially similar form
as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the
creditor or the debt, or the records of the creditor or defendant, was incurred for personal, family,
or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v)
during the one year period prior to the filing of the complaint in this action.

14.     Plaintiff alleges on information and belief based on the Defendant's use of letters
in the form of Exhibit "A" that the class is so numerous that joinder of all members is
impractical.   Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates
that the class includes hundreds or thousands of class members.

15.     There are questions of law or fact common to the class, which common issues
predominate over any issues involving only individual class members. The common factual issue
common to each class member is that each was sent a letter in the form of Exhibit "A." The
principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the
FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt
verification in a manner which was not reasonably calculated to confuse or frustrate the least

3

sophisticated consumer in violation of 15 U.S.C. §1692g.

16.    Mr. Hargis' claim is typical of those of the class members.   All are based on the same facts and legal theories.

17.    Mr. Hargis will fairly and adequately protect the interests of the class.   He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.   Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

18.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

20.    Mr. Hargis requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   ALLEGATIONS OF LAW

### A.   General

21.    At all times material hereto, Mr. Hargis was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

22.    At all times material hereto, Sleep Center was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

21.    At all times material hereto, the Disputed Medical Bill was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

23.    At all times material hereto, the Debt Collector was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

**B.   Failure to Comply With Validation Disclosure Requirements of FDCPA**

*1.   General*

24.    15 U.S.C. §1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)    The amount of the debt;

(2)    The name of the creditor to whom the debt is owed;

(3)    A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer

5

with the name and address of the original creditor, if different from
the current creditor.

### 2.    Failure to Properly Identify Creditor

25.    Pursuant to the Collection Communication, Equinox provided the following

notice concerning the ownership of the Disputed Medical Bill:

> Reference:   PAM1918155
> Original Creditor:   DR. ZZZ'S SLEEP CENTER, LLC
> Account Number:   24987
> Amount Due:   $ 850.00

("Original Creditor Identification")

26.    As a result of the Original Creditor Identification in the Collection

Communication, Equinox failed to properly identify the name of the creditor to whom the

Disputed Medical Bill was due, in a manner which would not confuse the least sophisticated

consumer in contravention of 15 U.S.C. §1692g(a)(2).   In particular, insofar as Equinox

described Sleep Center as the "original creditor," the least sophisticated consumer would

reasonably believe that the medical debt had been sold or assigned to a subsequent creditor.

### 3.    Improper Disclosure Requiring Written Dispute by Consumer

27.    Equinox violated the requirements of 15 U.S.C. §1692g by requiring consumers

to notify Equinox of a dispute in writing in a manner contrary to the requirements of 15 U.S.C.

§1692g(a)(3).   *See, Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005); *Baez*

*v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D. Fla. 2006).

### 4.    Improper Disclosure Concerning Validation Procedure

28.    Pursuant to the Collection Communication, Equinox:

Also, upon request within the thirty (30) day period, ECS will

provide the name and address of the original creditor, if different
from the current creditor.

("Original Creditor Disclosure Provision")

29.     The Original Creditor Disclosure Provision violates the requirements of 15 U.S.C.

§1692g(a)(5) in that Equinox failed to inform consumers that the obligation of Equinox to

provide the disclosure of the name and address of the original creditor, if different from the

current creditor, would be made upon written request of the consumer.

\*                          \*                          \*

30.     As a result of Defendant's conduct, Plaintiff and the class have suffered a

concrete and legally cognizable injury by not receiving the disclosures mandated by Congress

under the FDCPA.   Accordingly, Plaintiff and the class are entitled to an award of statutory

damages pursuant to 15 U.S.C. §1692k.

31.     Plaintiff and the class are entitled to an award of costs and attorney's fees

pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Michael Hargis, an individual, on behalf of himself and all

others similarly situated, requests judgment be entered in his favor and in favor of the class

against Defendant, for:

A.      Declaratory judgment that Defendant's Exhibit "A" violates the Fair Debt

Collection Practices Act;

B.      Statutory damages pursuant to 15 U.S.C. §1692k;

C.      An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.      Such other and further relief as the Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Michael Hargis, pursuant to Rule 38(b), Federal Rules of Civil Procedure,

demands a trial by jury of all issues so triable.

Dated this 13th day of July, 2017

<div style="margin-left: 50%;">

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
rwmurphy@lawfirmmurphy.com

VICTOR R. WANDRES
Oklahoma Bar No. 19591
PARAMOUNT LAW
4835 S. Peoria Avenue, Suite 1
Tulsa, Oklahoma 74105
Telephone: (918) 200-9272
Fax: (918) 895-9774
victor@paramount-law.net

COUNSEL FOR PLAINTIFF

</div>

8