# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL HARGIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-410-JED-FHM |
| | ) | |
| **EQUINOX COLLECTION SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **OPINION & ORDER**

Before the Court is Plaintiff Michael Hargis's Motion for Class Certification (Doc. 19). Mr. Hargis brings this suit under the Fair Debt Collection Practices Act (FDCPA), which provides a private right of action against debt collectors that fail to comply with the statute. 15 U.S.C. § 1692k. He alleges that Defendant Equinox Collection Services, Inc., sent him a form collection letter lacking certain disclosures mandated under § 1692g of the Act. (*See* Doc. 2 at 5–7). Mr. Hargis seeks to certify a class consisting of Oklahoma residents who received similar collection letters from Equinox over the year preceding his filing of the complaint. For the reasons explained below, the Court finds that certification of such a class is appropriate.

**I.**     **Legal Standards**

Federal Rule of Civil Procedure 23 provides the test for class certification. It consists of two parts. The first part, Rule 23(a), requires a threshold showing that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

In the second part of the test, Rule 23(b), the plaintiff must show that class certification is justified for one of three reasons. Under Rule 23(b)(3), which Hargis invokes here, certification is proper

only if the Court finds (i) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and (ii) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Relevant factors regarding these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

*Id.*

## II. Discussion

### A. Rule 23(a): Threshold Requirements

The Court finds—and Equinox does not dispute—that Mr. Hargis has met the four threshold requirements for certification under Rule 23(a).

(1) *Numerosity*: The putative class consists of 17,756 Oklahoma residents who received form collection letters from Equinox. (*See* Doc. 19 at 13). Joinder of so many plaintiffs is plainly impracticable.

(2) *Commonality*: The letters received by the class members were, in all material respects, identical. (*See id.* at 16–19). And the central question—whether the letter received violated the FDCPA—is the same for putative class members. Thus, there are questions of law and fact common to the class.

(3) *Typicality*: Mr. Hargis received the same form letter that others in the class received, so his claim would be identical to that of other members of the putative class.

(4) *Adequacy*: The question of adequacy under Rule 23(a)(4) turns on whether the interests of the named plaintiff and his counsel are fully aligned with those of class members and whether

2

the named plaintiff and his counsel will vigorously prosecute the action on behalf of the class. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002). Here, Equinox has alleged no conflicts, and Mr. Hargis has submitted a sworn declaration that he has no known conflicts that would impair his ability to adequately represent the class. (Doc. 19-5 at 3). His counsel, Robert Murphy, has signed a similar declaration. (Doc. 19-4 at 11). Mr. Murphy's background in consumer advocacy and his experience litigating class actions, (*see id.* at 8–11), give every indication that he will vigorously prosecute this action.

  **B.**  **Rule 23(b): Predominance of Common Questions**

Equinox does not dispute that Mr. Hargis has met the first prong of his burden under Rule 23(b), which requires a plaintiff to show that questions of law or fact common to class members predominate over questions affecting only individual members. Every member of the class received the same form letter, and courts apply an objective standard to determine whether the contents of a collection letter violate the FDCPA. *See Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpublished) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)); *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997). Equinox's liability (or nonliability) would be determined as to all class members based on the same facts and legal determinations.

If it is determined that the form letter did violate the statute, the question of damages could be different for some class members, but it seems unlikely that it would be different for many in this context. Statutory damages are the central remedy available under the FDCPA and are available even in the absence of actual loss by a plaintiff. *See* § 1692k(a)(2); *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1212 (10th Cir. 2006). The statute provides for actual damages, but it seems unlikely, given the nature of the alleged FDCPA violations, that many

plaintiffs would be able to prove that Equinox's letter resulted in a compensable injury. (*See* Doc. 2 at 5–7). For most consumers, a violation of the kind alleged in the complaint would lead to, at worst, confusion, frustration, and irritation. Those who have suffered an injury serious enough to seek actual damages in this case would likely opt out of the class and pursue their claims individually. Because liability would be decided class-wide, and most members would pursue only statutory damages, questions of law and fact common to the class clearly predominate over questions applicable only to individual class members.

### C. Rule 23(b): Superiority of Class Action

Equinox argues that class action is not the "superior" vehicle for adjudicating the controversy because a successful class action would likely result in a negligible recovery for class members. (*See* Doc. 23 at 3–7). Under the FDCPA, an individual plaintiff may recover statutory damages of up to $1,000 for a violation, but the Act limits total damages in a class action to $500,000 or 1 percent of the debt collector's net worth, whichever is less. 15 U.S.C. § 1692k(a)(2). Equinox claims that, over the last three years, its "net equity" reached a peak of $434,957 in 2016, and revenues have been in decline. (Doc. 23 at 4). Calculated as a function of its 2016 net equity, the statutory cap on total class damages would be $4,349.57. (*Id.*). Assuming a class of 17,756, per capita recovery would come to just twenty-four cents ($.24), according to Equinox. (*Id.*)

Equinox notes that, in determining whether class action is the "superior method," a court should consider class members' "interests in controlling the prosecution of . . . separate actions'". (*See id.* at 3) (citing Fed. R. Civ. P. 23(b)(3)(B)). Equinox argues that this factor weighs heavily against class certification because a plaintiff suing individually could recover up to $1,000, but the same plaintiff suing as a member of the class would probably recover almost nothing. If plaintiffs

4

would be better off on their own, Equinox contends, class action cannot be the superior vehicle to adjudicate their claims and certification should be denied. The Court is not persuaded.

The Tenth Circuit has not decided whether the possibility of de minimis recovery should bar class certification in FDCPA cases, but most courts that have considered the argument have rejected it. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321 (D. Conn. 2009); *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438 (N.D. Ill. 2008); *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461 (S.D.N.Y. 2007); *Barkouras v. Hecker*, No. CIV. 06-0366, 2006 WL 3544585 (D.N.J. Dec. 8, 2006); *Levin v. Kluever & Platt, LLC*, No. 03 C 2160, 2003 WL 22757764 (N.D. Ill. Nov. 19, 2003); *but see Bryant v. Bonded Account Serv./Check Recovery, Inc.*, 208 F.R.D. 251 (D. Minn. 2000) (holding that class action was not superior where debt collector's net worth was unknown); *Kohlenbrener v. Dickinson*, No. 94 C 4696, 1996 WL 131736 (N.D. Ill. Mar. 15, 1996) (holding that class action is not superior where defendants presented evidence of negative net worth); *cf. Green v. Monarch Recovery Mgmt., Inc.*, 997 F. Supp. 2d 932 (S.D. Ind. 2014) (ordering, over defendant's objection, discovery of defendant's financial information because net worth was relevant when deciding whether to certify a class); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) (same). The courts holding that de minimis recovery is not an automatic bar have the better of the argument.

The class action exists, in part, to provide a mechanism for addressing a defendant whose liabilities are significant but diffuse. *Mace*, 109 F.3d at 344. "[S]mall recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Id.* Equinox argues that Congress already "remedied" the

5

problem of individual enforcement in FDCPA cases by providing for the award of attorney fees and costs, (Doc. 23 at 6), but this ignores the risk that a plaintiff could bargain away the fees in order to obtain a quick settlement. *See Evans v. Jeff D.*, 475 U.S. 717 (1986). It is far from certain that individual plaintiffs would be able to find representation where the prospect of collecting attorney's fees is uncertain and any contingency would be for a share of, at most, $1,000. Moreover, Equinox's argument assumes that potential class members would, without the benefit of notice due to class certification, even know they have potential claims in the first place. This, as other courts have noted, stretches credulity:

> This is not a situation where claimants, waiting at the courthouse door to assert their FDCPA rights, will be denied justice by class certification. The unfortunate reality of this situation is that most of Defendant's . . . FDCPA violations would probably go unnoticed absent this lawsuit. Of course, that is the very reason Defendant now opposes class certification: not out of any "feigned concern" for claimants, . . . but because it will allow Defendant effectively to avoid liability for its conceded violations of federal law. This is precisely the kind of situation that class action litigation was meant to address.

*Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499, 509 (D. Kan. 2015) (quoting *Kalish*, 246 F.R.D. at 464–65).

Equinox's argument also ignores the punitive purpose of the statutory damages available under the FDCPA. While it is true that class members could probably recover more as individuals, the purpose of the statutory awards is not primarily to compensate victims of deceptive debt collection practices. That concern is provided for by the availability of actual damages. *See* 15 U.S.C. § 1692k(a)(1). Moreover, the statute explicitly instructs courts to consider a debt collector's culpability when determining a statutory damages award. § 1692k(b). The statutory damages, therefore, exist in service of the FDCPA's central purpose: "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Thus, although individual class members might be better served by pursuing actions individually, the statute's purpose is better served by the

availability of class action. And the interests of class members are not at odds with class certification. Those who wish to pursue maximum recovery may opt out and bring their own claims. Meanwhile, those who think that $1,000 is not worth the trouble are free to do nothing. Mr. Hargis will represent their interests in this litigation.

Finally, even if it is proper to consider the potential for de minimis recovery in determining whether class certification is appropriate, Equinox has not presented competent evidence of its net worth. The statute caps total damages as a function of "the net worth of the debt collector." Rather than submit its own audited financial statements, however, Equinox supplied the Court with tax returns for NorthStar Technologies, LLC. (Doc. 29-1; Doc. 28). An affidavit accompanying the tax returns asserts that "all expenses and income earned by Equinox is accounted for in financial statements for NorthStar," (Doc. 29), but no further explanation is given. At no point does Equinox properly explain the relationship between Equinox and NorthStar or where, in the more than fifty pages of tax documents provided, the Court can find something approaching an explanation for the valuation figures the company cites to prove recovery would be de minimis.

In sum, class certification is appropriate in this case. Mr. Hargis has shown that the proposed class meets all the prerequisites for certification under Rule 23(a). Furthermore, per Rule 23(b)(3), the Court finds (i) that questions common to the class predominate over those affecting individual members and (ii) that a class action represents the superior method for fairly and efficiently adjudicating the controversy.

### D. Declaratory Relief

In addition to statutory damages and attorney's fees, Mr. Hargis's complaint asks for a declaratory judgment that the letter he received violates the FDCPA. (Doc. 2 at 7–8). Mr. Hargis, however, seeks certification under Rule 23(b)(3), the provision for forming a damages class, rather

than under Rule 23(b)(2), which provides for declaratory relief on a class-wide level. Moreover, declaratory relief is unnecessary in this case. A finding that the letter sent to Mr. Hargis violated the FDCPA is necessarily a finding that the letters sent to other class members also violated the FDCPA. Consequently, the Court certifies this class for the purpose of determining liability and damages under the FDCPA only.

### III. Conclusion

The Court concludes that Mr. Hargis has satisfied all requirements for certification of a Rule 23(b)(3) class action. Plaintiff's Motion for Class Certification (Doc. 19) is, therefore, **granted**.

Accordingly, the Court **orders** that Mr. Hargis be appointed class representative and that Mr. Hargis's counsel be appointed as class counsel. It is further **ordered** that the parties, after conferring, submit a joint proposed order regarding the method and contents of notice to be provided to class members as required by Rule 23(c)(2)(B). The proposed order shall be submitted to the Court on or before October 18, 2019.

SO ORDERED this 3rd day of October, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT